UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-P803-H

MARC JONES                                                                                         PLAINTIFF

v.

ARAMARK CORRECTIONS FOOD SERVICE *et al.*                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on remaining Defendant ARMARK Correctional Services LLC's (ARAMARK's) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 16). Plaintiff failed to timely respond to the motion, and despite the Court granting him additional time to do so, Plaintiff still has not responded. The matter is ripe for adjudication, and for the reasons that follow, the motion to dismiss will be granted.

**I.**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

In the *pro se* complaint (DN 1) and amended complaint (DN 4) brought pursuant to 42 U.S.C. § 1983, Plaintiff Marc Jones sought damages and injunctive relief[1] for alleged Eighth Amendment violations committed by ARMARK, an entity which provides food services under contract with the Kentucky Department of Corrections. Plaintiff alleged inadequacies in the quality, quantity, and preparation of food at the Kentucky State Reformatory (KSR) and of unsanitary conditions in KSR's dining hall and kitchen.

---

[1] In a proposed injunction attached to the amended complaint (DN 4), Plaintiff asks that (1) no more butter be used; (2) cakes, cookies, and the like be replaced with "natural 'sweets'"; (3) no more watered-down foods/condiments be served; (4) 2% milk and milk dispensers are reinstated with no limit on milk consumption; (5) inmates not be rushed to eat and go; (6) that all breads/salads be "served as fresh as possible" and that self-rising flour be used for biscuits; (7) because of allegedly inadequate portions, all trays be weighed; (8) all KSR staff receive the same amount that prisoners receive to eat; (9) ARAMARK food sales to the inmates cease; (10) inmate kitchen workers be screened by KSR's medical department for disease/uncleanliness; (11) all meals be served by ARAMARK personnel, not by inmate line servers; (12) Frankfort's dietician be on-sight at KSR on a daily basis to ensure compliance with the "Frankfort Approved Menu"; (13) that tuna fish be reinstated twice weekly; (14) that medical/mental health staff ensure, on a daily basis, ARAMARK's compliance with hygiene, sanitation, and adequate preparation of food; and finally, (15) that the dining-hall mural be removed as it hides defects.

2

In its motion to dismiss, ARAMARK alleges that Plaintiff has not demonstrated exhaustion of available administrative remedies and that he has failed to allege that ARAMARK caused him to suffer any physical injury as a result of being served meals during his incarceration at KSR or that he sought any medial treatment for a resultant injury.

Upon consideration, the Court finds that Plaintiff has failed to state an Eighth Amendment claim. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "To the extent that [] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). While "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment," *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977), Plaintiff makes no such sweeping allegation. He fails to allege that he was denied sufficiently nutritious meals for any appreciable amount of time, *see Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."), and he has neither stated a specific personal injury that he has already suffered nor one which he is likely to suffer in the future which might support a viable Eighth Amendment claim.

**III.**

For these reasons, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (DN 16) is **GRANTED** and that Plaintiff's claims against ARMARK are **DISMISSED WITH PREJUDICE**.

Date:


cc: Plaintiff, *pro se*
　　Counsel of record
4412.005